**MARINE LOGISTICS, INC., Appellant,**

v.

**Gordon R. ENGLAND, Secretary of the Navy, Appellee.**

No. 00–1528.

United States Court of Appeals, Federal Circuit.

Sept. 12, 2001.

Timothy B. Shea, Nemirow, Hu & Shea, of Washington, DC, argued for appellant.

Erin E. Powell, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for appellee. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General, David M. Cohen, Director; and Mark A. Melnick, Assistant Director. Of counsel on the brief were Daniel W. Wentzell, and Peggy Kane, Office of Counsel, Military Sealift Command, Department of the Navy, of Washington, DC.

Before MAYER, Chief Judge,
NEWMAN and RADER, Circuit Judges.

## ORDER

MAYER, Chief Judge.

Marine Logistics, Inc. appeals the decision of the Armed Services Board of Contract Appeals, ASBCA No. 50785 (May 25, 2000), that denied Marine Logistics' claim for liquidated damages in connection with the maritime transportation of Army equipment from Galveston, Texas to Almirante, Panama. Because this is a wholly maritime contract, we dismiss for lack of jurisdiction and transfer this action to the United States District Court for the District of Columbia.

### Background

The United States Navy's Military Sealift Command (MSC) awarded Marine Logistics a contract to transport cargo from Galveston, Texas to Almirante, Panama. The contract specified that the government would be responsible for all costs of loading the cargo on the vessels, and that Marine Logistics would be responsible for all costs of discharging the cargo at destination. In addition, the contract provided for detention (liquidated damages) of $9650 per day, or part thereof, if the government caused unreasonable delay of a vessel. Marine Logistics chartered six barges and three tugs for the mission. The barges arrived at Almirante on January 1 and 2, 1996. However, the government was not prepared to accept the cargo until January 7, 1996. Discharge of all six barges was completed on January 15, 1996.

Marine Logistics submitted to MSC a claim for delay in discharging the cargo totaling $231,902.98. MSC determined that detention was payable for the period from the arrival of each vessel (either January 1 or 2, 1996) through the date the government selected a berthing facility (January 6, 1996). Based on these dates, MSC paid liquidated damages of $120,128.03. Marine Logistics submitted a revised detention claim of $250,832.91, less the amount previously paid by MSC, based on the time the last barge actually docked. The contracting officer denied the revised claim, and Marine Logistics appealed to the Armed Services Board of Contract Appeals. The board found that Marine Logistics failed to establish what delay, if any, was unreasonable and caused by the government. Accordingly, the board denied the appeal, and Marine Logistics appeals.

### Discussion

■ The Contract Disputes Act authorizes this court to review decisions of the boards of contract appeals. *See* 41 U.S.C. § 607(g)(1). However, 41 U.S.C. § 603 provides that appeals "arising out of maritime contracts" must be brought in the federal district courts. *See* 46 U.S.C. §§ 742, 782. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333.

■ The scope of admiralty jurisdiction extends only to contracts that are "wholly maritime" in nature. *Sea–Land Serv., Inc. v. Danzig,* 211 F.3d 1373, 1378 (Fed.Cir.2000). A contract to hire a vessel for the carriage of cargo is considered to be wholly maritime in nature. *Morewood v. Enequist,* 64 U.S. 491, 493–94, 23 How. 491, 16 L.Ed. 516 (1859) ("[C]harter-par-

ties and contracts of affreightment are 'maritime contracts' within the true meaning and construction of the Constitution and act of Congress, and cognizable in courts of admiralty by process either *in rem* or *in personam*."). In *Sea–Land,* we exercised jurisdiction because "the vast bulk of the shipping orders were not 'wholly maritime' in nature" and the maritime aspects of the contract were not readily severable from the non-maritime aspects. *Sea–Land,* 211 F.3d at 1378. Marine Logistics argues that the contract at issue is not wholly maritime in nature, and therefore, we may exercise jurisdiction. However, this appeal involves merely a voyage charter from "port-to-port" and is clearly wholly maritime in nature. Therefore, appeal must be brought in the federal district courts. 41 U.S.C. § 603.

■ Marine Logistics requests that in the event we conclude that this appeal is outside our jurisdiction, we transfer to the district court under 28 U.S.C. § 1631. The government does not disagree. Because this case could have and should have been brought in the district court, and because a transfer would serve the interest of justice, we transfer the case to the United States District Court for the District of Columbia.

Accordingly,

IT IS ORDERED THAT:

The case be transferred, pursuant to 28 U.S.C. § 1631, to the United States District Court for the District of Columbia, because venue in that district is appropriate under the Suits in Admiralty Act, 46 U.S.C. § 742. Proceedings in this court are terminated.