**Stanley E. KORNAFEL, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5141.

United States Court of Appeals, Federal Circuit.

Jan. 7, 2003.

Rehearing En Banc Denied Feb. 25, 2003.

Before MICHEL, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Stanley E. Kornafel appeals from the order of the United States Court of Federal Claims that his untimely motion for reconsideration "shall not be filed." *Kornafel v. United States*, No. 00–486C (Fed. Cl. June 21, 2002). Because the court did not abuse its discretion, we *affirm.*

## DISCUSSION

On August 14, 2000, Mr. Kornafel filed suit against the United States in the Court of Federal Claims, seeking damages arising from a 1992 traffic accident involving Kornafel's vehicle and a vehicle driven by an employee of the U.S. Postal Service. *Kornafel v. United States*, No. 00–486C, slip op. at 1 (Fed.Cl. Aug. 16, 2000). Kornafel alleged that the government broke promises made to him during settlement negotiations after the accident. *Id.* On August 16, 2000, the court dismissed Kornafel's complaint on the grounds of *res judicata*, the court's lack of subject matter jurisdiction over claims that sound in tort, and the statute of limitations. *Id.* at 2. On June 19, 2002, Kornafel submitted a motion for reconsideration of that order. *Kornafel v. United States*, No. 00–486C (Fed. Cl. June 21, 2002). The court ordered that Kornafel's motion "shall not be filed" [1] because it was submitted "well outside the time limit established by" court rules. *Id.*

Kornafel appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2000).

The decision whether to grant a motion for reconsideration "lies largely within the discretion" of the Court of Federal Claims. *See Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir. 1990). We review the denial of a motion for reconsideration for an abuse of discretion. *Mass. Bay Transp. Auth. v. United States*, 254 F.3d 1367, 1378 (Fed.Cir.2001).

On appeal, Kornafel's informal brief addresses the merits of the underlying claim for damages and the August 16, 2000 order dismissing that claim, rather than the disposition of his motion for reconsideration. He argues that his claim was not barred by the doctrine of *res judicata*, was grounded in contract, and was not barred by the statute of limitations. In his reply brief, however, Kornafel does mention that his "reasonably justifiable cause for the lateness [was] his diligently pursuing the attemp[t]s to secure representation."

We recognize that a *pro se* litigant's submissions to the court are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed.Cir. 2002) (en banc) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, Kornafel submitted his motion for reconsideration well beyond the prescribed time limit. United States Court of Federal Claims Rule 59(b) states that "a motion . . . for reconsideration of a

---

1. The language "shall not be filed" appears in the June 21, 2002 order of the Court of Federal Claims. We treat that order as a dismissal of Kornafel's motion for reconsideration and refer to it as such in this opinion.

judgment [ ] shall be filed no later than 10 days after the entry of the judgment." "The time limit for filing a Rule 59(b) motion is strictly construed to promote the finality of judgments." *Dynacs Eng'g Co. v. United States,* 48 Fed. Cl. 240, 241 (2000). Kornafel waited nearly two years to submit a motion for reconsideration of the order dismissing his complaint. Even if he had been seeking representation during that time, we conclude that the Court of Federal Claims did not abuse its discretion in dismissing his motion for reconsideration due to its untimeliness.

Alternatively, recognizing Kornafel's *pro se* status, we consider the possibility that Kornafel seeks to appeal the August 16, 2000 dismissal order on the merits.[2] In an action in which the United States is a party, a party wishing to appeal a judgment must file a notice of appeal within sixty days of the date on which the judgment or order appealed from is entered. Fed. Cir. R. 4(a)(1)(B). The time limits imposed by Rule 4 are not merely procedural requirements waivable at the discretion of the court, but are "mandatory and jurisdictional" in nature. *See Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). The Court of Federal Claims' order dismissing Kornafel's complaint was entered on August 17, 2000. Because Kornafel did not file his notice of appeal until July 15, 2002, Kornafel has not met the prescribed sixty-day period. Accordingly, Kornafel's appeal, even treated as an appeal on the merits of the August 16, 2000 order, is dismissed as untimely.

We have considered Kornafel's remaining arguments and find them unconvincing.

Because we find that the Court of Federal Claims did not abuse its discretion in dismissing Kornafel's motion for reconsideration as untimely, we affirm that order. Because an appeal to us on the merits of the August 16, 2000 order would be untimely, we dismiss any such appeal.

---

**2.** The government contends that only the June 21, 2002 order dismissing Kornafel's motion for reconsideration is at issue. Kornafel's informal brief, however, addresses only the merits of his underlying claim and the August 16, 2000 order dismissing that claim. Kornafel has not even supplied the June 21, 2002 order in the appendix to his appeal brief, although he has included the August 16, 2000 order.