John P. HUNSAKER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 04–1588T.

United States Court of Federal Claims.

June 23, 2005.

John P. Hunsaker, pro se, plaintiff.

Benjamin C. King, Jr., Washington, D.C., for defendant, United States Department of Justice.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

### RELEVANT FACTS [1]

John P. Hunsaker, proceeding *pro se*, filed a Complaint in the United States Court of Federal Claims challenging the attempt of the Internal Revenue Service ("IRS") to collect unpaid federal income taxes for the tax years 2000, 2001, and 2002.[2] *See* Compl. at 1; *see also* Compl. Ex. C at 65–74.

---

**1.** The relevant facts recited herein were derived from: the October 19, 2004 "Sworn Notice in Affidavit Form/Claims and Acceptable Terms of Settlement" that the court will deem as a Complaint ("Compl.") and exhibits thereto ("Compl.Ex."); the United States' ("Government") December 23, 2004 Motion to Dismiss ("Mot. to Dismiss"); and Plaintiff's January 22, 2005 Response ("Pl.Resp.").

Plaintiff received a Notice of Deficiency, dated April 17, 2003, for the tax year 2000 in the amount of $55,461.00, in addition to a Failure to File penalty of $8,292.15 under 26 U.S.C. § 6651(a)(1), a Failure to Pay penalty of $3,685.40 under 26 U.S.C. § 6651(a)(2), and an estimated tax penalty of $1,870.91 pursuant to 26 U.S.C. § 6654(a). *See* Compl. Ex. C at 66–68.

Plaintiff also received a Notice of Deficiency, dated October 1, 2003, for the 2001 tax year in the amount of $10,637.00, in addition to a Failure to File penalty of $1,709.50 and an estimated tax penalty of $256.40. *Id.* at 69–71.

In addition, plaintiff received a Notice of Deficiency, dated June 8, 2004, for the tax year 2002 in the amount of $13,851.90, in addition to a Failure to File penalty of $2,873.58, and an estimated tax penalty of $367.92. *Id.* at 72–74.

The total amount of deficiencies assessed by the IRS for the tax years 2000, 2001, and 2002 is $79,949.90. Plaintiff failed to file a timely petition in the United States Tax Court for a redetermination within the 90 day period required by any of the aforementioned Notices of Deficiency.[3]

### PROCEDURAL BACKGROUND

On October 19, 2004, plaintiff filed a "Sworn Notice in Affidavit Form/Claims and Acceptable Terms of Settlement" in the United States Court of Federal Claims asserting: a breach of admiralty contract No. JPH–061254 between plaintiff and the Government; and that the Notices of Deficiency for the tax years 2000, 2001, and 2002 imposed an illegal tax on the plaintiff. *See* Compl. at 1.

On December 23, 2004, the Government filed a Motion to Dismiss, pursuant to RCFC 12(b)(1) and 12(b)(6), asserting that this court

---

**2.** Plaintiff did not file federal income tax returns for the 2003 tax year and to date the IRS has not prepared a substitute return or issued a notice of deficiency for that year.

**3.** A taxpayer has 90 days (or 150 days if the taxpayer resides outside the United States) from the date on which a Notice of Deficiency is mailed to agree to the proposed deficiency or file a petition for redetermination in the United States Tax Court. *See* 26 U.S.C. § 6213(a).

did not have jurisdiction over the asserted claims and that the Complaint failed to state a claim upon which relief could be granted. *See* Mot. to Dismiss at 1. On January 22, 2004, plaintiff filed a Response. *See* Pl. Resp. at 1.

## DISCUSSION

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980), the United States Supreme Court, however, held that 28 U.S.C. § 1491(a)(1) does not create any substantive right to monetary damages. Therefore, a complaint filed in the court must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages in order for the court to have jurisdiction. *See Khan v. United States,* 201 F.3d 1375, 1377 (Fed.Cir.2000) ("[T]o invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages.").

■ The United States Court of Federal Claims has jurisdiction to adjudicate federal tax refund suits. *See New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1558 (Fed. Cir.1997) (reaffirming the jurisdiction of the United States Court of Federal Claims over a suit concerning a federal tax refund); *see also* 28 U.S.C. §§ 1346(a)(1), 1491(a)(1). A jurisdictional prerequisite for adjudicating a tax refund suit is that the taxpayer make full payment of the tax liability, penalties, and interest. *See Flora v. United States,* 362 U.S. 145, 163, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (holding that a taxpayer must pay the full amount of income tax deficiency assessed before challenging its correctness in a refund forum).

### B. The Pleading Requirements For A *Pro Se* Plaintiff.

Traditionally, a *pro se* plaintiff's pleadings have been held to a less stringent standard than a litigant represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Indeed, it has long been the traditional role of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969).

### C. Standard of Review.

In ruling on a motion to dismiss, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir. 1995) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); *see also* RCFC 12(b)(1). As the non-moving party, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

A federal trial court may not grant a motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683 (citing RCFC 12(b)(6)) (requiring only that "the allegations of the complaint should be construed favorably to the pleader.").

### D. The Court's Disposition Of The Government's Motion To Dismiss.

1. **The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Admiralty Claim.**

■ The Suits in Admiralty Act and the Public Vessels Act govern admiralty claims

against the Government. *See* 46 U.S.C. § 741 *et seq.; see also* 46 U.S.C. § 781 *et seq.* If a contract claim concerns admiralty, the United States District Courts have exclusive jurisdiction. *See Southwest Marine of San Francisco, Inc. v. United States*, 896 F.2d 532, 534 (Fed.Cir.1990) ("Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts.").

The Complaint alleges that a "Bill of Lading ... was served and [constitutes] the terms and conditions of the Admiralty–Contract (treaty)." *See* Compl. Ex. A at 4; *see also id.* at 25 ("this Sworn Notice is a private-contract and private-law set out in admiralty served upon RESPONDENT through the United States Post Office, Registered Mail, Under Master Bill of Lading number RR857 526 039 U.S.").

■ Admiralty jurisdiction extends only to contracts that are "'wholly maritime' in nature." *See Marine Logistics, Inc. v. England*, 265 F.3d 1322, 1324 (Fed.Cir.2001) (citing *Sea–Land Service, Inc. v. Danzig*, 211 F.3d 1373, 1378 (Fed.Cir.2000)). A contract does not sound in admiralty because:

> [S]ervices to be performed under the contract have reference to a ship, or to its business, or that the ship is the object of such services or that it has reference to navigable waters .... In order that such character should attach, there must be present a direct and proximate jurisdictional link between the contract and the operation of the ship, its navigation, or its management afloat[.]

*Cesaroni v. United States*, 624 F.Supp. 613, 619 (S.D.Ga.1985), *aff'd*, 780 F.2d 1031 (11th Cir.1985).

■ The Complaint in this case does not allege a claim under admiralty law and, even if it did, the court does not have jurisdiction to adjudicate it.

## 2. Plaintiff Has Not Satisfied The Jurisdictional Prerequisites To File A Refund Suit In The United States Court Of Federal Claims.

■ Although the United States Court of Federal Claims has jurisdiction over federal income tax refund suits, a jurisdictional prerequisite is that the taxpayer make full payment of the tax liability, penalties, and interest at issue. *See Flora*, 362 U.S. at 163, 80 S.Ct. 630; *see also New York Life*, 118 F.3d at 1559 (stating that the purpose of the "full payment" rule is "to prevent surprise and to give adequate notice to the Service of the nature of the claim ... thereby permitting an administrative investigation and determination."). In addition, the taxpayer is required to file a claim for refund with the IRS for the amount of tax in controversy. *See* 26 U.S.C. § 7422(a); *see also* RCFC 9(h)(6) (requiring a taxpayer to provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim, when filing a refund suit in the United States Court of Federal Claims).

■ In this case, plaintiff failed to file federal income tax returns for the tax years 2000, 2001, and 2002 as required by 26 U.S.C. §§ 6011(a), 6012(a), and 6072(a), and pay the amount of tax in dispute. Therefore, the United States Court of Federal Claims does not have jurisdiction over the claims asserted in the Complaint. *See Harris v. United States*, 33 Fed.Cl. 470, 473 (1995), *aff'd*, 106 F.3d 426 (Fed.Cir.1997), *cert. denied*, 520 U.S. 1222, 117 S.Ct. 1718, 137 L.Ed.2d 841 (1997) (holding that the *pro se* plaintiff failed to prove full payment of taxes and dismissing the action because "before this court has jurisdiction over a tax refund case, the claimant must demonstrate he paid the taxes in question and timely filed a claim for their refund with the IRS"). Since plaintiff failed to file federal tax returns, much less pay the amounts of tax at issue, the court does not need to review the merits of the Government's Anti–Injunction Act argument regarding whether taxpayer's suit was the purpose of "restraining the assessment or collection of any tax." Mot. to Dismiss at 5; *see also* 26 U.S.C. § 7421(a).

## 3. The United States Court of Federal Claims Lacks Jurisdiction To Adjudicate The Validity Of IRS Notices of Deficiency.

■ The Complaint also alleges that the Notices of Deficiency received by the taxpay-

er for the tax years 2000, 2001, and 2002 were invalid. *See* Compl. at 1. The taxpayer's remedy for any alleged deficiency, however, lies with the United States Tax Court. *See* 26 U.S.C. § 6213(a).[4] The taxpayer failed to file a petition for redetermination with the United States Tax Court.

### 4. The Complaint Does Not Allege Sufficient Facts To Evidence Either An Express or Implied Contract.

 To invoke the Tucker Act, a complaint must allege sufficient facts to evidence the existence of an express or implied-in-fact contract with the Government. In *Trauma Service Group v. United States*, 104 F.3d 1321, 1326 (Fed.Cir.1997), the United States Court of Appeals for the Federal Circuit held that a complaint alleging a government contract must state sufficient facts to evidence: "mutual intent to contract including an offer and acceptance, consideration, and a Government Representative who has actual authority to bind the Government." In this case, the Complaint alleges that plaintiff's "Notice" set forth the terms and conditions and the Government's failure to respond thereto created a contract. *See* Compl. Ex. A at 25–26. The Complaint, however, does not allege facts evidencing that the Government intended to enter into a contract or that any consideration was paid by plaintiff to the Government. Therefore, as a matter of law, the Complaint does not satisfy the requisite elements of either an express or implied contract. *See Girling Health Systems, Inc. v. United States*, 949 F.2d 1145, 1147 (Fed.Cir. 1991) (rejecting claim that the failure of the IRS to timely respond to a taxpayer's election for Subchapter S status gave rise to an implied-in-fact contract because the taxpayer failed to show mutuality of intent to contract or definite terms).

---

4. A Notice of Deficiency is issued if the IRS Commissioner, or another authorized IRS official, finds a deficiency in a federal taxpayer's income, estate, gift, or certain miscellaneous excise taxes. The notice is not a tax assessment, but a proposed deficiency. *See* 26 U.S.C. § 6211(a). Once a notice is issued and sent via certified or registered mail, the taxpayer has 90

### CONCLUSION

For the aforementioned reasons, the Government's Motion to Dismiss is granted. The Clerk is hereby directed to dismiss the October 19, 2004 Complaint.

**IT IS SO ORDERED.**

days (150 days if the Notice is mailed outside the United States), either to agree to the deficiency or file a petition with the United States Tax Court for a redetermination. *See* 26 U.S.C. § 6213(a). A taxpayer cannot suspend or extend the 90 or 150–day period, though notice can be rescinded under certain circumstances upon the agreement of both parties. *See* 26 U.S.C. § 6213(b).