NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5010

JOHN P. HUNSAKER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: July 13, 2006

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

John P. Hunsaker seeks review of the order of the United States Court of Federal Claims rejecting his motion for reconsideration as untimely. Hunsaker v. United States, No. 04-1588T (Fed. Cl. Aug. 25, 2005). We affirm.

Mr. Hunsaker filed a complaint in the Court of Federal Claims challenging the Internal Revenue Service's attempt to collect unpaid federal income taxes. The court dismissed his claim for lack of subject matter jurisdiction on June 23, 2005.[1] Two months later, on August 22, 2005, Mr. Hunsaker filed a motion for reconsideration with

_____

[1] Hunsaker v. United States, 66 Fed. Cl. 129 (2005).

the trial court. On August 25, 2005, the trial court entered an order rejecting his motion as untimely.

Mr. Hunsaker filed a notice of appeal on October 17, 2005. A notice of appeal must be filed within sixty days after a decision by the Court of Federal Claims. 28 U.S.C. §§ 2107, 2522. Accordingly, we cannot review the trial court's judgment dismissing the complaint because the notice of appeal was filed more than sixty days after judgment was entered. We may, however, review the trial court's order rejecting Mr. Hunsaker's motion for reconsideration because the notice of appeal was filed within sixty days of that order, which was entered on August 29, 2005.

Under Rule 59(b) of the Rules of the Court of Federal Claims, a motion for reconsideration must be filed within ten days after entry of a judgment. Mr. Hunsaker filed his motion for reconsideration on August 22, 2005, about two months after the trial court entered judgment. We review the trial court's denial of a motion for reconsideration for abuse of discretion, Mass. Bay Transp. Auth. v. United States, 254 F.3d 1367, 1378 (Fed. Cir. 2001), and conclude that the trial court did not abuse its discretion in rejecting Mr. Hunsaker's motion as untimely.

On appeal, Mr. Hunsaker argues that the trial court should have treated his motion as a Rule 60(b)(2) motion for relief from judgment based on newly discovered evidence, which would have been timely because Rule 60(b)(2) motions may be filed within one year after a judgment. Mr. Hunsaker's motion, styled "Motion of Reconsideration," did not include new evidence and merely repeated meritless arguments he had submitted to the trial court in other documents. Accordingly, the trial court did not abuse its discretion in not treating the motion as a Rule 60(b)(2) motion.

We have considered Mr. Hunsaker's other arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.