NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAQUAN RAHSHE GULLET-EL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2319

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00541-NBF, Senior Judge Nancy B. Firestone.

---

Decided: November 9, 2016

---

TAQUAN RAHSHE GULLET-EL, Jacksonville, FL, pro se.

GEOFFREY KLIMAS, Appellate Section, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JONATHAN S. COHEN, JOAN I. OPPENHEIMER, CAROLINE D. CIRAOLO.

---

Before O'MALLEY, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

Taquan Rahshe Gullet-El appeals a final judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. *See Gullet-El v. United States*, No. 1:16-cv-00541-NBF (Fed. Cl. July 8, 2016) ("*Court of Federal Claims Decision*"). For the reasons discussed below, we *affirm*.

## BACKGROUND

In May 2016, Gullet-El filed a complaint in the Court of Federal Claims entitled "Claimant's Complaint of Libel for Enforcement of Civil Contracts in Admiralty." In his complaint, Gullet-El asserted that he had mailed two "Admiralty Civil Contracts" to various federal employees and agencies. These unexecuted contracts stated that Gullet-El's name was protected intellectual property, and that the government was required to pay him $1 million as well as treble damages each time it used his name without his consent. According to Gullet-El, the government officials who received these alleged contracts waived any right to challenge their terms. He asserted, moreover, that government agents breached the alleged contracts by "initiating and proceeding with civil prosecution, criminal prosecution, unlawful detainment, registered copyright infringement, registered trademark infringement, [and] registered fictitious business name infringement."

Gullet-El's complaint did not allege that any federal government official signed the alleged contracts after receiving them. Instead, he asserted that because federal employees failed to explicitly renounce the alleged contracts, they agreed to all of their terms through "tacit acquiescence." Gullet-El alleged, moreover, that under the terms of the alleged agreements he was due payments totaling at least $530 million from the United States. In addition, Gullet-El sought an order dismissing the pending criminal and civil cases against him with prejudice

and an injunction prohibiting the United States from filing any future civil or criminal actions against him. Gullet-El also sought an injunction prohibiting the federal government from using his name without his consent in the future.

On July 8, 2016, the Court of Federal Claims dismissed Gullet-El's complaint for lack of subject matter jurisdiction. The court explained that it had no authority to consider his complaint alleging various violations of alleged admiralty contracts because the federal district courts have "exclusive jurisdiction . . . over admiralty or maritime cases." *Court of Federal Claims Decision*, slip op. at 2. The court determined, moreover, that none of the other statutory provisions cited in Gullet-El's complaint provided a predicate for the exercise of jurisdiction over his claims. *Id.* Gullet-El then appealed to this court.

### DISCUSSION

We review de novo whether the Court of Federal Claims correctly dismissed a complaint for lack of jurisdiction. *See, e.g.*, *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013); *Bianchi v. United States*, 475 F.3d 1268, 1273 (Fed. Cir. 2007). "A party invoking the jurisdiction of the Court of Federal Claims has the burden of establishing jurisdiction by a preponderance of the evidence." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). Although pro se litigants are held to a less stringent pleading standard than those represented by counsel, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they are not exempt from meeting jurisdictional prerequisites. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

As the Court of Federal Claims correctly concluded, it was without jurisdiction to consider Gullet-El's claims.

The Tucker Act provides jurisdiction over "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, to invoke Tucker Act jurisdiction, Gullet-El was required to "identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000); *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995).

Gullet-El failed to allege facts that, if proven, would establish the existence of either an express or implied-in-fact contract with the United States. "The general requirements for a binding contract with the United States are identical for both express and implied contracts. The party alleging a contract must show a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (citations omitted); *see also Barrett Ref. Corp. v. United States*, 242 F.3d 1055, 1060 (Fed. Cir. 2001). Contrary to Gullet-El's assertions, the failure of government officials to affirmatively renounce the terms of the unexecuted contracts he sent to them is not sufficient to establish that the government accepted the terms of those contracts. *See Barrett*, 242 F.3d at 1060 (explaining that a binding agreement with the government requires "mutuality of intent to contract"). Nor did Gullet-El allege that the government received any consideration for purportedly acquiescing to the terms of the alleged contracts or that any of the federal employees to whom he

sent the documents had authority to bind the government in contract. *See Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (explaining that a valid government contract requires "actual authority on the part of the government's representative to bind the government" (emphasis omitted)); *El Centro v. United States*, 922 F.2d 816, 823 (Fed. Cir. 1990) (concluding that no contract was formed where "the Government received no consideration"). Accordingly, Gullet-El failed to allege facts sufficient to establish that he entered into a contractual relationship with the United States.

In his complaint, moreover, Gullet-El repeatedly stated that he was seeking damages for the government's breach of "Civil Contracts in Admiralty." As the Court of Federal Claims correctly concluded, it had no authority to adjudicate Gullet-El's admiralty claims. *See Court of Federal Claims Decision*, slip op. at 2. The federal district courts, not the Court of Federal Claims, have jurisdiction over admiralty claims against the government. *See* 46 U.S.C. §§ 30906(a), 31104(a); *see also El-Shifa Pharm. Indus. Co. v. United States*, 378 F.3d 1346, 1353 (Fed. Cir. 2004) (explaining that under 28 U.S.C. § 1333(1) the federal district courts are "grant[ed] exclusive and original jurisdiction . . . over civil cases in admiralty and maritime"); *Marine Logistics, Inc. v. England*, 265 F.3d 1322, 1324 (Fed. Cir. 2001) (stating that a claim for the breach of a contract that is "wholly maritime in nature . . . must be brought in the federal district courts").

## CONCLUSION

We have considered Gullet-El's remaining arguments but do not find them persuasive. Accordingly, we affirm the judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.

## **AFFIRMED**