NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRAKASH NARAYAN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1381

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00442-EGB, Senior Judge Eric G. Bruggink.

---

Decided: September 2, 2020

---

PRAKASH NARAYAN, Sacramento, CA, pro se.

ELISSA HART-MAHAN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by PAUL ANDREW ALLULIS, THOMAS J. CLARK, RICHARD E. ZUCKERMAN.

---

Before DYK, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Prakash Narayan appeals from an order of the United States Court of Claims ("Claims Court") returning his December 17, 2019 Motion for Reconsideration unfiled. Appellee's App. 37. Because the Claims Court did not abuse its discretion, we *affirm*.

## I. BACKGROUND

Narayan, a registered tax preparer in Sacramento, California, filed suit in the Claims Court on March 18, 2019. He sought payment from the government in the amount of $240 for preparation of a 2017 federal income tax return for one of his clients. Narayan's complaint alleged that he and his client had agreed that $240 of the client's tax refund would be deposited directly into Narayan's bank account. The money was temporarily placed in Narayan's account but was pulled back by the Internal Revenue Service and deposited in his client's account instead.

The government moved to dismiss Narayan's complaint on July 16, 2019, arguing both that the Claims Court lacked jurisdiction and that Narayan failed to state a claim. The court entered an order dismissing Narayan's complaint for lack of jurisdiction on September 5, 2019. It reasoned that the governing regulations require a refund must be deposited in an account bearing the taxpayer's name and forbid money being deposited in a tax preparer's account. The Claims Court thus found that Narayan had failed to establish the court's authority to hear the case under the Tucker Act.

Narayan filed a Notice of Appeal with this Court on November 22, 2019—78 days after the Claims Court's judgment. The government filed a motion to dismiss the appeal as untimely filed more than 60 days after the Claims Court's decision. We granted the government's motion on January 29, 2020. In the meantime, Narayan filed with the Claims Court the Motion for Reconsideration at issue in the present appeal. The Claims Court received the

motion on December 17, 2019—103 days after the Claims Court's judgment—and promptly returned the motion, unfiled, on December 19, 2019. It explained, the "filing does not fall within the Rules of the United States Court of Federal Claims or a court order." Appellee's App. 37.

Narayan appeals the Claims Court's order returning his Motion for Reconsideration unfiled. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3); *see also Hunsaker v. United States*, 197 F. App'x 912, 912–13 (Fed. Cir. 2006).

## II. ANALYSIS

We review the Claims Court's handling of a motion for reconsideration for abuse of discretion. *Nat'l Westminster Bank, PLC v. United States*, 512 F.3d 1347, 1363 (Fed. Cir. 2008); *Parsons v. United States*, 174 F. App'x 561, 563 (Fed. Cir. 2006). Under the Rules of the Claims Court, a motion for reconsideration must be filed within 28 days of the entry of judgment. R.C.F.C. 59(b)(1). This time limit promotes the finality of judgments and its enforcement is not normally an abuse of discretion. *See Kornafel v. United States*, 55 F. App'x 551, 553 (Fed. Cir. 2003). It is well accepted, moreover, that a trial court lacks authority to reconsider a question that is pending on appeal. *See e.g., Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir. 1952); 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2821 (3d ed., 2020 update).

The Claims Court did not abuse its discretion when it rejected Narayan's Motion for Reconsideration. Narayan's motion was well outside the proper time for filing such a motion. Moreover, because Narayan's appeal from the Claims Court's underlying decision was still pending at the time that he filed his Motion for Reconsideration, the Claims Court could not have properly exercised authority to resolve the motion.

### III. CONCLUSION

Narayan's various arguments on the merits of his case come too late.[1]  For the reasons discussed above, we *affirm* the order of the Claims Court.

**AFFIRMED**

COSTS

No costs.

---

[1]    On August 20, 2020, Narayan filed with the court various documents relating to his 2019 taxes.  Those documents bear no relationship to his claim for $240 of his client's 2017 tax refund and do not impact our decision on appeal.