**Melvin J. HATLEY, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 98–3304.

United States Court of Appeals, Federal Circuit.

Dec. 30, 1998.

Melvin J. Hatley, Barstow, California, pro se.

Elizabeth M. Hosford, Attorney, Civil Division, Department of Justice, Washington, DC, for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director.

Before NEWMAN, PLAGER, and BRYSON, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Melvin Jay Hatley petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0752970653–I–1, 1998 WL 514720, sustaining his removal from employment by the Department of the Navy for refusal to submit to random drug testing. We affirm the decision of the Board.

## BACKGROUND

Petitioner was employed as a firefighter at the Marine Corps Logistics Base at Barstow, California. In April, 1991, Petitioner was notified that his position was designated as subject to random drug testing and that failure to comply with requests for such testing would result in initiation of disciplinary action, which could include removal. He acknowledged receipt of the notice and indicated on the acknowledgement form his view that the program was an illegitimate invasion of his rights.

On April 30, 1997, Petitioner was notified that he had been randomly selected for drug testing and told where to report to provide a urine sample. He refused to submit to the test and stated that he would refuse similar demands in the future. On this ground he was removed from his position effective June 19, 1997. Petitioner appealed to the Board, stating that the drug testing program violated his rights under the Fourth Amendment to the Constitution and Article 3 of the Universal Declaration of Human Rights. He stated that the drug testing program as carried out by the agency is neither reasonable nor random. He also alleged that his removal was motivated by age discrimination.

The Administrative Judge sustained the agency's action, finding that, under all the circumstances, the random drug testing program to which Petitioner was subject was not an unreasonable search under the Fourth Amendment. The AJ also found that Petitioner had provided no evidence that his termination for refusal to submit to the testing program was a pretext for age discrimination. The full Board denied review, and this appeal followed.

## DISCUSSION

### A. *The Board's Findings of Fact*

Petitioner alleges two factual errors by the Board: that the testing program as it was implemented was not random, and that his dismissal for refusing to submit to the drug test was a pretext for age discrimination. In his appeal to this court, Petitioner asserts these errors but does not state any evidence in support of his positions. He has not met the burden of showing that the Board's findings of fact are inadequately supported.

### B. *Constitutional Claims*

■ The Fourth Amendment to the Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." The Supreme Court has held that the collection of urine to test for alcohol or other drugs is a search within the protection of the Fourth Amendment:

"There are few activities in our society more personal or private than the passing of urine. Most people describe it by euphemisms if they talk about it at all. It is a function traditionally performed without public observation; indeed, its performance in public is generally prohibited by law as well as social custom."

Because it is clear that the collection and testing of urine intrudes upon expectations of privacy that society has long recognized as reasonable, the Federal Courts of Appeals have concluded unanimously, and we

agree, that these intrusions must be deemed searches under the Fourth Amendment.

*Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 617, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) (quoting *National Treasury Employees Union v. Von Raab,* 816 F.2d 170, 175 (5th Cir.1987)). However, that a search falls within the protection of the Fourth Amendment does not render the search illegal. The Amendment prohibits only unreasonable searches and seizures. *Id.* at 619, 109 S.Ct. 1402 ("[T]he Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable.") Thus we look to see if the drug testing program to which Petitioner was subjected was reasonable.

■ The jurisprudence concerning the constitutionality of searches and seizures developed primarily in the context of police searches of citizens suspected of having committed crimes. These cases implemented the general principle that the reason for conducting the search must be legally adequate and, absent exigent circumstances, this adequacy must be evaluated in advance of the search through the process of the search warrant. *Id.* at 621–22, 109 S.Ct. 1402. On this background, the demand for a urine sample from a person who is not suspected of wrongdoing, to be provided without meeting the requirements for a search warrant, has engendered vigorous debate in the context of concern about fundamental freedoms. The Supreme Court instructs that neither the absence of suspicion regarding the person to be searched nor the intrusiveness of collecting a urine sample is dispositive of the constitutionality of a random drug test. Each test program must be evaluated for reasonableness, in its circumstances. *Skinner,* 489 U.S. at 624, 109 S.Ct. 1402. *See Chandler v. Miller,* 520 U.S. 305, 117 S.Ct. 1295, 1301, 137 L.Ed.2d 513 (1997) ("When such 'special needs'—concerns other than crime detection—are alleged in justification of a Fourth Amendment intrusion, courts must undertake a context-specific inquiry, examining closely the competing private and public interests advanced by the parties.") Thus, balanced against the intrusion into Petitioner's priva-

cy, we must evaluate the public interest in this particular drug testing program.

■ Petitioner was a firefighter. The safety of others was in his hands, and an impairment due to drug use could well have led to otherwise avoidable injury or death. It is generally established that employees responsible for the safety of others may be subjected to drug testing, even in the absence of suspicion of wrongdoing. Employees who have been held to be subject to random drug testing without violation of the Fourth Amendment include pipeline operators, airline industry personnel, correctional officers, various transportation workers, Army civilian guards, civilian workers in a military weapons plant, Justice Department employees with clearance for top-secret information, police officers carrying firearms or engaged in drug interdiction efforts, and nuclear power plant engineers. *See, e.g., National Treasury Employees Union v. Von Raab,* 489 U.S. 656, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989) (Customs Service employees seeking promotion or transfer to positions which required them to carry firearms).

We conclude that the government's compelling interest in keeping its firefighters free of drugs outweighs the expectation of privacy of these employees. The random drug testing program, as set forth in the regulations here applicable, is reasonable within the meaning of the Fourth Amendment.

## C. *The Universal Declaration of Human Rights*

■ Petitioner alleges that the drug testing program violates Articles 3 and 5 of the Universal Declaration of Human Rights. The Board did not analyze these charges, and Petitioner complains that his allegations of human rights violations have been "unconscionably ignored."

The government states that the Merit Systems Protection Board does not have authority to consider such allegations. We do not reach this question of authority, for we conclude that this resolution of the United Nations, which is directed to torture, summary execution, genocide, slavery, and other acts

uniformly condemned by the community of nations, does not reach the humiliation which Petitioner states he would experience in complying with the agency's drug testing requirements.

### D. Other Arguments

Petitioner raises other arguments such as that the drug testing program violates the Fifth Amendment's prohibition against compelled self-incrimination and constitutes an *ex post facto* law. These arguments have been considered and rejected by the Court. In the circumstances of this case, they are meritless.

No costs.

*AFFIRMED.*