**Andre Joel HOWARD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 06–583C.**

United States Court of Federal Claims.

Nov. 20, 2006.

Andre Joel Howard, Houston, TX, pro se.

Joan M. Stentiford, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

HEWITT, Judge.

Before the court are plaintiff's Amended and Supplemental Pleadings (Amended Complaint or Am. Compl.) and Motion for Leave to Proceed In Forma Pauperis (Pl.'s Mot.), Defendant's Motion for Summary Dismissal of Pro Se Complaint (Def.'s Motion or Def.'s Mot.), and Plaintiff's Response to Show Cause (Pl.'s Resp.). Plaintiff's application to proceed in forma pauperis is incomplete. Plaintiff failed to provide an affidavit listing all assets held by the applicant and stating applicant's inability to pay the filing fees as required by statute. *See* 28 U.S.C. § 1915(a)(1) (2000). However, in the interest of judicial economy and for the purpose of analyzing the motion for summary dismissal, the court assumes without deciding that plaintiff could establish that he is entitled to proceed in forma pauperis.

Defendant moves to dismiss plaintiff's claim pursuant to Rule 12(a) and (b) of the Rules of the United States Court of Federal Claims (RCFC) for failure "to articulate a claim cognizable in this Court." Def.'s Mot. 1. Defendant's Motion does not state whether it is filing an RCFC 12(b)(1) motion for lack of jurisdiction over subject matter or an RCFC 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Id.* Because the question of whether jurisdiction exists is a "threshold" issue, *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), the court analyzes this motion under RCFC 12(b)(1). For the following reasons, defendant's motion is GRANTED.

I. Discussion

A. Jurisdiction

██ The Tucker Act, 28 U.S.C. § 1491 (2000), confers upon this court jurisdiction over certain claims against the United States. Jurisdiction is limited to claims against the United States for money damages, the payment of which must be mandated by a contract, the Constitution, a statute, or a regulation. § 1491(a)(1). The Tucker Act expressly states that this court lacks jurisdiction over claims sounding in tort. *Id.* The Tucker Act is merely a jurisdictional grant and does not create a substantive right enforceable against the sovereign. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, plaintiff must identify "a separate source of substantive law" mandating the payment to plaintiff of money damages by the United States. *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005).

B. Standard of Review

Plaintiff's failure to identify a source that mandates the payment of money damages to

plaintiff deprives the court of jurisdiction over the matter. *Fisher,* 402 F.3d at 1172. In its recent en banc decision in *Fisher,* the Federal Circuit instructed that "the trial court at the outset shall determine, either in response to a motion by the Government or *sua sponte* . . . , whether the Constitutional provision, statute, or regulation is one that is money-mandating." *Id.* at 1173. The Federal Circuit further notes that "[f]or purposes of the case before the trial court, the determination that the source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, on the merits, plaintiff has a money-mandating source on which to base his cause of action." *Id.*

Rule 12(b)(1) governs dismissal of a claim for lack of subject matter jurisdiction. RCFC 12(b)(1). "The court [must] examine its own jurisdiction at all stages of a proceeding" and may raise the issue for consideration sua sponte. *Hurt v. United States,* 64 Fed.Cl. 88, 89 (2005); *see Wood–Ivey Sys. Corp. v. United States,* 4 F.3d 961, 967 (Fed. Cir.1993). "When considering a motion to dismiss for lack of jurisdiction, the court assumes that all well-pleaded facts alleged in the complaint are true and draws all reasonable inferences in favor of plaintiff." *Kemp v. United States,* 65 Fed.Cl. 818, 820 (2005) (citations omitted). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence. *Id.* at 821; *see also Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction was put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction."). If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim.

RCFC 12(h)(3); *see Miller v. United States,* 67 Fed.Cl. 195, 197 (2005).

■ Pro se complaints are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Vaizburd v. United States,* 384 F.3d 1278, 1285 n. 8 (Fed. Cir.2004) (noting that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel") (citation omitted). "Indeed, it has long been the traditional role of this court to examine the record 'to see if [a pro se] plaintiff has a cause of action somewhere displayed.' " *Hunsaker v. United States,* 66 Fed.Cl. 129, 131 (2005) (quoting *Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969) (alteration in original)). Nevertheless, "[t]his latitude . . . does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, aff'd, 98 Fed.Appx. 860 (Fed.Cir.2004) (Table).

## C. Plaintiff's Complaint

Plaintiff appears to complain of "offenses" by Judge Lynn N. Hughes and the United States Court of Appeals for the Fifth Circuit. Am. Compl.[1] 7. Plaintiff further alleges that "[t]he Southern District Court continues its out of control activities against this citizen (Andre J. Howard). . . . This Court denied Just Compensation, Fifth Amendment and Due Process." *Id.* at 3. Plaintiff refers to "retaliatory action" to describe "the Court's . . . order of commitment and orders refusing to close cases." *Id.* Plaintiff claims that "these ongoing unlawful constitutional violations hereby charges the United States and Department of Justice one hundred million dollars." *Id.* Plaintiff does not provide any

---

**1.** Plaintiff filed his original complaint on August 10, 2006. Plaintiff's Complaint 1. Plaintiff later filed an Amended and Supplemental Pleadings (Amended Complaint or Am. Compl.) on September 18, 2006. Am. Compl. 1. Plaintiff's Amended Complaint does not appear to add any allegations to the original complaint. The new information in the amended complaint refers to alternative dispute resolution procedures in the Rules of the United States Court of Federal Claims.

Am. Compl. 1. Plaintiff includes copies of his original complaint, his motion for leave to proceed in forma pauperis, and the notice of assignment issued by the Clerk of Court. Am. Compl. 3–13.

Plaintiff's Amended Complaint does not include page numbers. The court cites to pages within the Amended Complaint using their ordinal positions as their page numbers.

further details of the alleged actions that give rise to his claims.

 Although plaintiff mentions the Takings Clause and the Due Process Clause of the Fifth Amendment, he grounds his claims not on those clauses, but rather on the alleged actions of another federal court. Plaintiff does not allege a taking of his property without just compensation that would ground his claim in the money-mandating takings clause. He alleges missteps by another court with respect to the Takings Clause. The only defendant against whom suit may properly be brought in this court is the United States government. *Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003). Claims for relief against any other party, including officers of the United States government and any other individual, must be "ignored as beyond the jurisdiction of the court." *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). As to a possible violation of his due process rights, plaintiff would not be entitled to legal remedy under the Fifth Amendment due process clause in this court because the Fifth Amendment due process clause does not mandate money damages for its violation. *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988); *see also Morales v. United States,* 19 Cl.Ct. 342, 345 (1990) ("Because the fifth amendment due process clause does not require the payment of money damages as compensation for its violation, the Claims Court has no jurisdiction to adjudicate such violations.") (citing *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987)).

 Plaintiff also cites "28 USC 1916(a)(b)," "Rule 40 U.S. Supreme Court," Am. Compl. 7, and "28 USC 1916(1)(2)," Pl.'s Resp. passim, as a basis for his alleged claims. Apparently, plaintiff is referring to 28 U.S.C. § 1916 which allows seamen, without paying fees or costs, to file suits and appeals that concern their wages, salvage, or enforcement of laws regarding their health and safety, 28 U.S.C. § 1916 (2000), and to the Supreme Court Rule that provides guidance for filing veterans, seamen, and military cases, Sup.Ct. R. 40. Neither section 1916 nor Supreme Court Rule 40 creates substantive rights against the United States entitling plaintiff to monetary relief.

Although plaintiff's pleadings as a pro se plaintiff are regarded with some leniency, plaintiff here is not relieved of the obligation to meet the jurisdictional requirements of the court. *Bernard,* 59 Fed.Cl. at 499. Nowhere in plaintiff's pleadings does he invoke a money-mandating source on which to base claims for relief. Therefore, this court has no jurisdiction to proceed in this matter.

## II. Conclusion

For the foregoing reasons, the court GRANTS defendant's motion to dismiss plaintiff's claim. Plaintiff's claim is DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court shall ENTER JUDGMENT for defendant.

IT IS SO ORDERED.