**Antonio GIMBERNAT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 08–387C.

United States Court of Federal Claims.

Oct. 24, 2008.

Antonio Gimbernat, Makawao, HI, pro se.

Kenneth S. Kessler, with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald R. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Marc Brewen, General Litigation Division, Office of the Judge Advocate General, United States Navy, Washington, DC, of counsel.

*OPINION*

HEWITT, Judge.

Before the court are defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), filed July 25, 2008, plaintiff's Response Objecting to Defendant's Motion To Dismiss (plaintiff's Response or Pl.'s Resp.), filed August 8, 2008, and Defendant's Reply in Support of the Motion to Dismiss (defendant's Reply or Def.'s Reply), filed September 11, 2008.

Also before the court are Plaintiff's Motion for a Court Order for USCFC Clerk to Issue Plaintiff Antonio Gimbernat an E-mail Address for E-filing Motions & Pleadings, filed June 2, 2008, Plaintiff's Motion for a Court Order for USCFCBA to Locate & Refer "Pro Bono" Attorney(s) for Plaintiff Antonio Gimbernat[']s Legal Counsel; Plaintiff's Supplemental Pretrial Discovery, filed June 2, 2008, plaintiff's Motion for a Court Order for Subpoena Duces Tecum for Military Records; Plaintiff's Supplemental Pretrial Discovery, filed June 2, 2008, Plaintiff's Motion for an Answer from U.S.C.F.C. Regarding Plaintiff's "Motion for Subpoena Duces Tecum for Military Records," filed August 29, 2008, and plaintiff's Motion for Leave of Court to File Fact Evidence for Examination (plaintiff's Motion or Pl.'s Mot.), filed August 29, 2008. The court granted plaintiff's Motion on September 30, 2008. Order of Sept. 30, 2008.

I. Background and Introduction

Plaintiff, Antonio Gimbernat, pro se, filed a complaint (Complaint or Compl.) with this

court on May 28, 2008. Compl. i. Plaintiff alleges that he has suffered "three counts" of sexual harassment, "two counts" of physical threats, "one count" of employer retaliation, and "one count" of a violation of his human rights under the Universal Declaration of Human Rights.[1] *Id.* at 7. Mr. Gimbernat claims that these violations are compensable in this court under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1983, and under the Universal Declaration of Human Rights. *Id.* He seeks one billion dollars in damages. *Id.* at 8.

Plaintiff enlisted in the United States Navy Reserve on July 29, 1986. *Id.* tab 8 at 1. Plaintiff claims that during his naval training he was "singled out" by a "company class leader" and forced to call himself a homosexual. *Id.* tab 1 at 2–3. He claims that the action of the "company class leader" caused him severe emotional and mental harm that led to his discharge, dependence on alcohol, drug abuse, and numerous altercations with law enforcement. *Id.* at 7–8. He also alleges that his small business income has decreased as a result of the action of the "company class leader." *Id.* at 8.

According to the Board for Correction of Naval Records (BCNR), plaintiff was absent from command without authority on several occasions during his service with the Navy. *Id.* tab 8 at 1. He received "nonjudicial punishment for unauthorized absences." *Id.* During his service with the Navy he had two psychiatric evaluations. *Id.* Plaintiff was diagnosed with a personality disorder on July 22, 1987 and a "passive-aggressive personality disorder" on August 6, 1987. *Id.* He received a general discharge due to his personality disorder because he would "pose a continuing risk to [himself] and others if retained." *Id.* Plaintiff was discharged from the Navy on August 11, 1987. *Id.* tab A at 2 (Form DD214 showing date of entry into and date of discharge from the Navy); *id.* tab 8 at 1. The discharge was classified as "general" and "under honorable conditions." *Id.* tab A at 2.

---

1. Where applicable, the court has changed quotations in plaintiff's Complaint (Compl.) to con-

form to conventional capitalization, spelling, and grammar.

Plaintiff filed a written complaint with the United States Department of Justice (DOJ) on May 3, 2004. *Id.* tab 1 at 1. On September 6, 2004, plaintiff sent an additional written complaint to the United States Department of Defense (DOD). *Id.* tab 3 at 1. On December 3, 2005, plaintiff filed a petition with the BCNR that appears to seek to upgrade his discharge to an honorable discharge and requests $100 million dollars in damages. *See id.* tab 7 at 1–5. Plaintiff filed a pro se complaint in the Circuit Court for the Second Circuit of Hawaii naming the people of the United States and the Department of Corporation Counsel of Maui County as defendants on May 3, 2006. *Id.* tab 30 at 1. The defendants in the Circuit Court case removed the case to federal district court on May 31, 2006. *Id.* tab 30 at 2. The district court granted both the United States' motion to dismiss due to lack of jurisdiction, and the county's motion to dismiss due to failure to state a claim. *Id.* tab 30 at 3, 10.

Plaintiff claims that he was directed by the district court to file his claims in the United States Court of Federal Claims (USCFC). Pl.'s Resp. 9–10. He filed his Complaint in this court on May 28, 2008. Compl. i.

## II. Legal Standards

The question of whether this court has subject matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir. 2007). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States (Matthews),* 72 Fed.Cl. 274, 278 (2006); *see* Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

Plaintiff bears the burden of establishing subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) (citing *Zunamon v. Brown,* 418 F.2d 883, 886 (8th Cir.1969) and *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); *Mients v. United States,* 50 Fed.Cl. 665, 668 (2001). As a general matter, complaints filed by pro se plaintiffs are held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Howard v. United States,* 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004) (Table).

The jurisdiction of the USCFC is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006):

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The USCFC does not have jurisdiction "over tort actions against the United States." *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997) (citing 28 U.S.C. § 1491(a) and *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)).

## III. Application of Legal Standards to This Case

For the following reasons, this court finds that it lacks subject matter jurisdiction over all of plaintiff's claims. Even if plaintiff had any claims relating to his discharge from the Navy that fit within the court's jurisdiction, they are time barred. Moreover, it is not in the "interest of justice" to transfer Mr. Gimbernat's case to another court of the United States.

### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

The court lacks subject matter jurisdiction over plaintiff's claims because none of plaintiff's claims falls under the Tucker Act, 28 U.S.C. § 1491, and the order of the United States District Court for the District of Hawaii does not create jurisdiction. Because the court lacks subject matter jurisdiction

over plaintiff's claims, it must dismiss plaintiff's Complaint. *See* RCFC 12(h)(3) ("[W]henever ... the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action.") (emphasis added); *Matthews,* 72 Fed.Cl. at 278 ("If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim.").

### 1. No Tucker Act Provisions Apply in This Case

The Tucker Act does not give this court jurisdiction to hear plaintiff's Title VII claims, violation of treaty claims, tort claims, request to upgrade discharge status claim, loss of business income claim, or "inheritance" royalties claim.

### a. The Court Lacks Jurisdiction Over Plaintiff's Title VII Claims

■ Most of plaintiff's claims stem from plaintiff's allegation that during his naval training the government sexually harassed him, physically threatened him, and retaliated against him in violation of Title VII, 42 U.S.C. §§ 2000e–2000e–17 (2006). *See* Compl. 7. Title VII is a comprehensive remedy for federal employees alleging discrimination. *Taylor v. United States,* 80 Fed.Cl. 376, 381 (2008) ("Title VII is the comprehensive, exclusive and pre-emptive remedy for federal employees alleging discrimination.") (citation omitted); *see Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 829–32, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The statute specifically allows for claims to be made in a federal district court once all administrative remedies have been exhausted. 42 U.S.C. § 2000e–5(f)(3), e–16(c). Even if plaintiff followed the procedures set up in Title VII, however, this court would not have jurisdiction to hear plaintiff's claims. Title VII provides for jurisdiction in the United States district courts, but not in the USCFC. *See* 42 U.S.C. § 2000e–5(f)(3). Thus, the court must dismiss plaintiff's Title VII claims.

Additionally, the United States District Court for the District of Hawaii held that Mr. Gimbernat's Title VII claims are not compensable in district court. Compl. tab 30 at 7–8. The court stated that "Title VII is inapplicable to remedy alleged acts of discrimination between uniformed members of the military," *id.* tab 30 at 7, and that "[p]laintiff's avenue for relief lies not in the federal courts, but rather in the comprehensive internal system of justice ... established to regulate military life," *id.* tab 30 at 8 (citation omitted).

### b. The Court Lacks Jurisdiction Over Plaintiff's Claims Arising Under Treaties

■ Plaintiff claims that defendant violated his human rights as described in Article 5 of the Universal Declaration of Human Rights (UDHR), G.A. Res. 217A, U.N. GAOR, 3d Sess., 1st plen. mtg., U.N. Doc. A/810 (Dec. 10, 1948). Compl. 7. The UDHR does not contain any substantive rights enforceable against the federal government for money damages, as required under the Tucker Act, and therefore such claims cannot be heard in this court.[2] *See* 28 U.S.C. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations.").

A United States district court, not the USCFC, is the proper forum for any civil cause of action arising from the "treaties of the United States." 28 U.S.C. § 1331 (2006) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Supreme Court has ruled that the UDHR does not impose any obligations on the United States as a matter of international law. *Sosa v. Alvarez–Machain,* 542 U.S. 692, 734, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."). Nor does UDHR Article 5 encompass the sorts of claims that

---

**2.** Plaintiff's Response Objecting to Defendant's Motion to Dismiss (plaintiff's Response or Pl.'s Resp.) claims that there is an "implied contract" between the United States and the United Nations to enforce the Universal Declaration of Human Rights (UDHR). Pl.'s Resp. 7. Plaintiff does not claim that there is an implied contract between the United States and plaintiff.

plaintiff has alleged: sexual harassment and other related torts. *See Hatley v. Dep't of the Navy,* 164 F.3d 602, 604–05 (Fed.Cir. 1998) ("[The court concludes] that this resolution of the United Nations, which is directed to torture, summary execution, genocide, slavery, and other acts uniformly condemned by the community of nations, does not reach the humiliation which Petitioner states he would experience in complying with the agency's drug testing requirements."). In light of the foregoing, plaintiff's claims for violation of the UDHR must be dismissed.

### c. The Court Lacks Jurisdiction Over Plaintiff's Tort Claims

■ Some of plaintiff's claims sound in tort.[3] *See* Compl. 7–8 (claiming damages for sexual harassment, physical harassment, libel, slander, and "pain and suffering"). The court does not have jurisdiction over tort claims; the Tucker Act specifically excludes tort from the subject matter jurisdiction of this court. 28 U.S.C. § 1491(a)(1). The court has consistently declined to hear claims sounding in tort. *See, e.g., Souders v. S.C.*

*Pub. Serv. Auth.,* 497 F.3d 1303, 1307 (Fed. Cir.2007) (holding that plaintiff's negligence claims sounded in tort and thus could not be transferred to the United States Court of Federal Claims); *Moore v. Durango Jail,* 77 Fed.Cl. 92, 96 (2007) (holding that the USCFC did not have jurisdiction over plaintiff's claim because "plaintiff's claim of negligence sounds in tort"). The Federal Torts Claims Act (FTCA) grants United States district courts exclusive jurisdiction to hear tort claims against the United States. 28 U.S.C. §§ 2671–2680 (2006). The proper forum for federal tort claims is a United States district court. 28 U.S.C. § 1346(b)(1). For the foregoing reasons, plaintiff's tort claims must be dismissed.

Moreover, "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to [military] service." *Feres v. United States (Feres),* 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The alleged torts occurred when plaintiff was enlisted on active duty with the Navy.[4] Compl. tab 1 at 1–4. Because the torts occurred while Mr. Gimbernat was on

---

3. The court recognizes the interpretive rule of thumb that "complaints filed by pro se plaintiffs are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Howard v. United States (Howard),* 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner (Kerner),* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The court, therefore, views the substance of plaintiff's Complaint through the lens of conventional legal terminology. *See Sumner v. United States (Sumner),* 71 Fed.Cl. 627, 628 (2006) (noting that the court "examined the pleadings 'to see if ... plaintiffs have a cause of action somewhere displayed'") (quoting *Ruderer v. United States,* 188 Ct.Cl. 456, 458, 412 F.2d 1285, 1292 (Ct.Cl. 1969)).

4. Mr. Gimbernat claims that he was "legally a minor" or, alternatively, not on "active duty" at the time of the incident and, thus, should not be barred from filing his claim. *See* Pl.'s Resp. 3–4. Mr. Gimbernat was on active duty starting July 29, 1986. Plaintiff's Complaint (Compl.) tab A at 2 (Form DD214 showing date of entry and date of discharge). At the time of Mr. Gimbernat's enlistment, and continuing to this day, the law permits seventeen year olds to enlist in the armed forces with the written consent of a parent or guardian. 10 U.S.C. § 505(a) (2006). A seventeen year old is subject to the Uniform Code of Military Justice (UCMJ) even if neither parent consented to the seventeen year old's enlistment.

*See United States v. Bean,* 13 U.S.C.M.A. 203, 207, 1962 WL 4478 (1962) ("The enlistment of a minor of the statutory age, even though without the required consent, is valid, and he thereby becomes de jure and de facto a soldier, subject to military jurisdiction."). The purpose of the parental consent provision is to protect parental rights to "minor[s'] custody and service," but those rights are "subordinate to the right of military authorities" to ensure that minors answer for their crimes. *Id.* Accordingly, even though Mr. Gimbernat was seventeen years old at the time of his enlistment, he was still subject to military control.

Mr. Gimbernat also claims that he was not "uniformed" and not on active duty. Pl.'s Resp. 4. For the purposes of the UCMJ, a sailor is on "active duty" when the sailor completes an induction ceremony or when the sailor submits to military authority, receives pay, wears a uniform, or acts in a way indicating acceptance of military life. *United States v. Hall,* 17 U.S.C.M.A. 88, 92, 1967 WL 4261 (1967). Mr. Gimbernat appears to have submitted to military authority by reporting for duty and performing military duties. *See* Compl. tab 1 at 2 (explaining the events that led to Mr. Gimbernat's filing his Complaint). Accordingly, because Mr. Gimbernat enlisted, submitted to military authority, and acted in a way indicating the acceptance of military life, Mr. Gimbernat was subject to the authority of the United States Navy.

active duty in the Navy, he is barred from bringing his FTCA claims in district court.

#### d. The Court Lacks Jurisdiction Over Plaintiff's Request to Upgrade Plaintiff's Discharge

■ Plaintiff appears to seek a change in his military record. Compl. tab 7 at 1 (requesting that the Navy's Board of Correction of Military Records change the reason listed for plaintiff's discharge from the Navy). Plaintiff's Complaint includes a BCNR decision denying his request to upgrade and change the reason for his discharge, *id.* tab 8 at 1–2, and a United States District Court for the District of Hawaii decision dismissing plaintiff's complaint which included a request to update his discharge,[5] *see id.* tab 30 at 9. Plaintiff requests an upgrade of his discharge from general (under honorable conditions) to honorable. *See id.* tab 7 at 1, tab 8 at 1–2. The court does not have jurisdiction over a request to upgrade discharge status that is not related to a claim seeking monetary relief directly related to a change in discharge status. The monetary requests in plaintiff's Complaint are for "pain and suffering" resulting from the claimed incident of sexual harassment. *See id.* at 8. Plaintiff does not claim that he was illegally discharged and is owed back pay related to his service or discharge.[6]

Nor may plaintiff's request for a change in his military records be entertained by this court as a claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06 (2006). The APA permits review of final agency action that seeks equitable relief other than money damages. 5 U.S.C. § 702.

However, plaintiff's claim, viewed as an APA claim, does not fall within the jurisdiction of this court. *See Martinez v. United States,* 333 F.3d 1295, 1313 (Fed.Cir.2003) (holding that the USCFC does not have APA jurisdiction to consider non-monetary suits to correct military records); *McNabb v. United States,* 54 Fed.Cl. 759, 767 (2002) (noting that "[i]n general, APA reviews are conducted in federal district court rather than the Court of Federal Claims, since the APA itself addresses 'relief other than money damages[,]' and money damages are the cornerstone of this court's Tucker Act jurisdiction" (citation omitted)). Plaintiff's claim that this court upgrade his discharge status must be dismissed.

#### e. The Court Lacks Jurisdiction Over Plaintiff's Loss of Business Claim

■ Plaintiff also claims that alleged sexual harassment committed by defendant caused his small business to lose money. Compl. 8. Plaintiff's small business appears to consist of selling art and key chains. *See id.* tab E at 1; Pl.'s Mot. (attached to plaintiff's Motion are three "Original Surf Report Keychain[s] U.S. Court of Federal Claims Edition"). Because the claimed loss of business income arises from the alleged sexual harassment committed by the government, that claim also must be dismissed. This court does not have jurisdiction over Title VII claims, claims for a violation of a treaty, or tort claims. *See supra* Parts III.A.1.a, III.A.1.b, & III.A.1.c. Therefore, this court does not have jurisdiction over any economic damages flowing from any such claims.[7]

---

5. Defendant correctly states that plaintiff admits that he did not explicitly include a request to correct his military records in plaintiff's Complaint before the court. *See* Defendant's Reply in Support of the Motion to Dismiss (Def.'s Reply) 6; Pl.'s Resp. 21. However, the court decides this issue assuming that plaintiff has made such a request by including his prior claims for an upgrade in discharge status as appendices to his Complaint. *See Howard,* 74 Fed.Cl. at 678 ("Pro se complaints are generally held to 'less stringent standards than formal pleadings drafted by lawyers.' ") (quoting *Kerner,* 404 U.S. at 520, 92 S.Ct. 594); *Sumner,* 71 Fed.Cl. at 628 (noting that the court should examine the pleadings in pro se cases to find causes of action).

6. Plaintiff did not serve long enough in the Navy to retire and receive government benefits. *See* 10 U.S.C. §§ 6330, 6331, 6333 (2006) (provisions of title 10 relating to retirement and retainer pay for members of the Navy who served for at least twenty years). Plaintiff served in the Navy for one year and thirteen days. Compl. tab A at 2.

7. As noted above, Mr. Gimbernat would probably not be successful in bringing his Title VII claims, claims for a violation of a treaty, or tort claims in a district court and, accordingly, would also be unsuccessful in his claim for business damages in district court. *See supra* Parts III.A.1.a, III. A.1.b, & III.A.1.c.

**f. The Court Lacks Jurisdiction Over Plaintiff's Claim for "Inheritance Royalties"**

█ Plaintiff requests that the court ascertain whether plaintiff is entitled to receive "inheritance royalties" due to his ancestor's discovery of "Gimbernat's Ligament." Compl. tab I at 1–3. The court does not have jurisdiction over this claim. Plaintiff has not made a claim that the government owes him any monetary damages arising from Gimbernat's Ligament. *See* 28 U.S.C. § 1491. Because plaintiff has not identified any money mandating source of law that addresses plaintiff's claim for "inheritance royalties" (and the court is aware of none),[8] the claim relating to "Gimbernat's Ligament" must be dismissed.

**2. The Order of the United States District Court for the District of Hawaii Does Not Create Jurisdiction in This Court**

Mr. Gimbernat suggests that the order of the United States District Court for the District of Hawaii, Compl. tab 30 at 1–10 (quoted below), provides "testimony" that gives this court jurisdiction to hear plaintiff's claims, Pl.'s Resp. 8–10. The United States District Court for the District of Hawaii dismissed plaintiff's Title VII claims, in part because persons on active duty in the Navy are barred from bringing a Title VII claim, Compl. tab 30 at 6–8; *see supra* Part III.A.1.a, and must instead utilize the administrative remedies provided by the Navy, Compl. tab 30 at 8 (noting that plaintiff could have proceeded under UCMJ Article 138, 10 U.S.C. § 938 (2006)). The district court also dismissed plaintiff's request to upgrade his discharge status. *Id.* tab 30 at 9.

Plaintiff's claim that the district court "instruct[ed]" him to file in the USCFC, Pl.'s Resp. 10, relies on the observation by the district court in its opinion that plaintiff's BCNR claim might—possibly—be cognizable in the USCFC:

The Government asserts that this Court is without subject matter jurisdiction to hear Plaintiff's claims on the basis that: (1) claims by members of the armed services against the Government or armed services personnel for injuries sustained while under the control of a commanding officer are not justiciable in federal district court; and (2) Plaintiff's claim that the Navy's Board for Corrections of Naval Records failed to act on his complaint of sexual harassment may only be brought, *if at all,* in the Court of Federal Claims. This Court agrees.

*Id.* tab 30 at 6–7 (emphasis added). The district court also noted that actions against the United States for monetary damages are required to be brought in this court: "As [p]laintiff seeks $100 million in damages, [p]laintiff is required to bring his action in the Court of Federal Claims." *Id.* tab 30 at 9. The district court did not assert that plaintiff should file his Title VII claims in this court: the district court pointed out only that the USCFC could be a proper forum for seeking monetary damages based on a BCNR decision. As explained above in Part III.A.1.d, this court does not have jurisdiction over plaintiff's claim to upgrade his discharge status because plaintiff's claim does not seek money damages related to a change in discharge status.

Observations in an opinion by a district court, Pl.'s Resp. tab 30 at 6–7, 9, repeated by plaintiff, Pl.'s Resp. 8–10, cannot create subject matter jurisdiction for the court. *See Dunklebarger v. Merit Sys. Prot. Bd.,* 130 F.3d 1476, 1480 (Fed.Cir.1997) ("It is well settled that no action of the parties can confer subject-matter jurisdiction on a tribunal and that the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so."). Mr. Gimbernat's assertion that he was directed to file in this court does not support his argument that this court has subject matter jurisdiction over his claims.

**B. The Statute of Limitations Has Expired for Any Tucker Act Claims**

Even if one or more of the claims plaintiff asserts otherwise fell within the jurisdiction

---

**8.** The court is not aware of any source of law that would enable Mr. Gimbernat to bring this

claim in a district court.

of this court, plaintiff's claims are jurisdictionally barred as untimely. The statute of limitations for claims asserting wrongful discharge is six years from the date of discharge. 28 U.S.C. § 2501 (2006); *Young v. United States (Young)*, 529 F.3d 1380, 1382 (Fed.Cir.2008). Over twenty years have elapsed since plaintiff was discharged from the Navy. Plaintiff was discharged on August 11, 1987, Compl. tab A at 2, and filed his claim in this court on May 28, 2008, *id.* at i. Plaintiff argues that the court should hear his claims notwithstanding its untimeliness because of the doctrine of equitable tolling or, alternatively, that plaintiff has a legal disability that falls under the statutory tolling provision of 28 U.S.C. § 2501. Pl.'s Resp. 22–24.

Plaintiff claims that this court should allow equitable tolling for two reasons: (1) law enforcement prevented him from timely filing his claims and (2) an elder told him he had twenty years to file. *Id.* at 22–23. Section 2501 cannot be equitably tolled. *John R. Sand & Gravel Co. v. United States (John R. Sand)*, — U.S. —, — – —, 128 S.Ct. 750, 753–54, 169 L.Ed.2d 591 (2008); *see also Young*, 529 F.3d at 1384 ("[T]he statute of limitations applicable to Tucker Act claims, 28 U.S.C. § 2501, is jurisdictional and not susceptible to equitable tolling.").

The statutory tolling provision in 28 U.S.C. § 2501, while not allowing equitable tolling, *John R. Sand*, 128 S.Ct. at 753–54, does allow tolling for persons "under legal disability ... at the time the claim accrues," 28 U.S.C. § 2501. The law presumes competency and sanity, and a party claiming legal disability has a high burden of proving legal incapacity. *See Goewey v. United States (Goewey)*, 222 Ct.Cl.104, 112, 612 F.2d 539, 544 (Ct.Cl.1979). To rise to the level of legal

disability, the "plaintiff's mental illness must be acute and extreme—it must render the plaintiff 'incapable of caring for his property, of transacting business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities.'" *Ware v. United States*, 57 Fed.Cl. 782, 788 (2003) (quoting *Goewey*, 222 Ct.Cl. at 114, 612 F.2d at 544). Plaintiff must show that his "failure to file was the direct result of a mental illness that rendered him incapable of rational thought or deliberate decision making, or incapable of handling his own affairs or unable to function in society." *Barrett v. Principi (Barrett)*, 363 F.3d 1316, 1321 (Fed. Cir.2004) (deciding incapacity in the context of equitable tolling of a United States Court of Appeals for Veterans Claims case) (internal quotations omitted).

Mr. Gimbernat has not shown either that he suffered from an "acute and extreme" mental illness, *see Ware*, 57 Fed.Cl. at 788, or that his failure to file was the "direct result of a mental illness," *see Barrett*, 363 F.3d at 1321. Mr. Gimbernat claims that he has suffered from "depression and alcohol and drug abuse." Pl.'s Resp. 23. "[N]arcotic addiction does not in itself constitute a statute-tolling legal disability unless the claimant alleges and shows that he was 'incapable of understanding the nature of his discharge,' which he sought unsuccessfully to change." *Goewey*, 222 Ct.Cl. at 114, 612 F.2d at 544 (quoting *Cochran v. United States*, 205 Ct.Cl. 876, 506 F.2d 1406, 1974 WL 21810 (1974) (Table)). His claim that the alleged sexual harassment has "disabled" him from filing a timely complaint, Compl. 8, is also unavailing. While the experiences described by Mr. Gimbernat are distressing, he has not carried the "heavy burden" of proving legal incapacity.[9]

---

9. Even assuming Mr. Gimbernat had a legal disability at some point, that assumed disability must be viewed as having ceased to exist someone on or before May 3, 2004. After a legal disability ceases, a plaintiff must file a claim within three years. 28 U.S.C. § 2501 (2006). On May 3, 2004, plaintiff filed a written complaint with United States Department of Justice. Compl. tab 1 at 1–5. On September 6, 2004, plaintiff filed a separate written complaint with United States Department of Defense. *Id.* tab 3 at 1–2. Participation in legal or administrative proceedings in an effort to secure rights or benefits is an indication of mental capacity. *See Goewey v. United States (Goewey)*, 222 Ct.Cl.104, 116, 612 F.2d 539, 546 (1979) (noting that a plaintiff's ability "to understand adverse proceedings, to assist in his own defense, and to follow legal instructions in the furtherance of his own interests" shows that a person may not be legally incompetent). Thus, any disability that Mr. Gimbernat may be assumed to have had ceased to exist no later than May 3, 2004 and the statute of limitations under 28 U.S.C. § 2501, even if tolled due to legal disability, expired May 3, 2007. Plaintiff's Complaint was filed on May

*See Goewey,* 222 Ct.Cl. at 112, 612 F.2d at 544.

## C. Transfer of the Case to Another Court is Not Appropriate

 Although not requested to do so by plaintiff, the court considers whether it is in the "interest of justice" to transfer plaintiff's suit to another court of the United States. *See* 28 U.S.C. § 1631 (2006). Section 1631 of title 28 of the United States Code describes the circumstances in which such a transfer would be appropriate:

> Whenever a civil action is filed in a court as defined in section 610 of this title [10] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice, transfer such action or appeal to any other such court* in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis and footnote added). In order for a case to be transferred, it must meet three elements: (1) the transferring court must lack subject matter jurisdiction; (2) at the time the case was filed, the case must have been able to have been brought in the transferee court; and (3) such a transfer must be in the interest of justice. *Skillo v. United States,* 68 Fed.Cl. 734, 744 (2005).

 Here, the court determines that it is not "in the interest of justice" to transfer Mr.

Gimbernat's Complaint to another jurisdiction because the court views plaintiff's claims as time barred under the applicable statutes. *See supra* Part III.B.

Additionally, it is not in the "interest of justice" to transfer Mr. Gimbernat's Complaint because there is a high likelihood that several, if not all, of his claims would not be meritorious in another court of the United States. *See supra* Part III.A.1.a (noting that plaintiff may be barred from filing his Title VII claims in district court because he has not exhausted his administrative remedies); Part III.A.1.b (citing Supreme Court and United States Court of Appeals for the Federal Circuit precedent indicating that Mr. Gimbernat would not prevail on his claim of a violation of the UDHR); Part III.A.1.c (noting that Mr. Gimbernat may be barred from filing his tort claims in district court due to the *Feres* doctrine); Part III.A.1.e at n. 7 (noting that Mr. Gimbernat's claim for business damages flow from legal claims that would be unsuccessful in district court); Part III.A.1.f at n. 8 (noting that the court is not aware of any money mandating source of law arising from "inheritance royalties"); Part III.A.2 (noting that the United States District Court for the District of Hawaii has already dismissed Mr. Gimbernat's claim to upgrade his discharge status).

For the foregoing reasons, the court finds that this case does not meet the requirements for transfer and accordingly declines to transfer this case to a district court pursuant to 28 U.S.C. § 1631.

## IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED. The court also DENIES as MOOT all other pending motions.[11] The Clerk of the Court shall EN-

28, 2008. Compl. i. Even if the existence of a legal disability were assumed, evidence provided by attachments to plaintiff's Complaint indicates that any such disability had abated more than three years before plaintiff filed the Complaint, thereby rendering the Complaint untimely.

10. In *Skillo v. United States,* the court examined the legislative and interpretive history of 28 U.S.C. § 610 and 28 U.S.C. § 1631 and concluded that "a court as defined in section 610 of this title" in 28 U.S.C. § 1631 comprises exclusively " 'courts of appeals and district courts of the

United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the [United States Court of Federal Claims], and the Court of International Trade.' " *Skillo v. United States,* 68 Fed.Cl. 734, 743–47 (2005) (quoting 28 U.S.C. § 610) (alterations added).

11. Plaintiff's pending motions are considered moot because the court has granted the government's dispositive Motion to Dismiss. The court has considered all of plaintiff's motions and has

TER JUDGMENT dismissing plaintiff's Complaint.

IT IS SO ORDERED.

concluded that granting any or all of plaintiff's pending motions would not affect the outcome of this case.