# In the United States Court of Federal Claims

No. 21-2262
Filed: March 3, 2022

| | |
|---|---|
| ABDUL MOHAMMED, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

*Abdul Mohammed*, pro se.

*Joseph A. Pixley*, Attorney of Record, with whom were L. Misha Preheim, Patricia M. McCarthy, and Brian M. Boynton, *of counsel*.

## OPINION AND ORDER

**MEYERS, Judge**.

Abdul Mohammed alleges that various judges of the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit took his property when they "illegally seized" multiple lawsuits and sanctioned him for his conduct in litigation matters before those courts. Plaintiff claims damages of $100,000,000. Because Plaintiff's claims are collateral attacks on the decisions of the district and circuit courts, this Court lacks jurisdiction to hear his Complaint. Therefore, the Court grants the Government's Motion to Dismiss.

## I. Background

Plaintiff is a litigious individual. He has brought multiple cases before the Northern District of Illinois that he claims the court "illegally seized" from him in violation of the Fifth Amendment. For example, Plaintiff alleges that a judge of the district court "seized the lawsuit titled as *Mohammed v. Anderson*, Case # 18-cv-8393 (N.D.Il [sic]) and dismissed the lawsuit to protect white defendants and government Defendants in that case . . . ." Compl. ¶ 4, ECF No. 1. The Seventh Circuit affirmed the dismissal, purportedly "in an illegal manner to protect the white Defendants and government Defendants without answering Plaintiff's questions raised on appeal . . . ." *Id*. ¶ 5. Plaintiff makes similar allegations about several more lawsuits: *Mohammed v. Alonso*, Case No. 20-cv-3481, *id*. ¶ 6; *Mohammed v. Illinois*, Case No. 20-cv-50133, *id*. ¶¶ 10-11; and *Mohammed v. Bridges*, Case No. 19-cv-6525, *id*. ¶¶ 13(1)-(2).

Plaintiff also complains that the District Court's executive committee entered several restricted filer orders against him without giving him an opportunity to file any pleading on the issue. *Id*. ¶¶ 7-8. Again, the Seventh Circuit affirmed the restricted filer orders. *Id*. ¶ 9. In addition, the Seventh Circuit sanctioned Plaintiff relating to an appeal that he filed in that court. *Id*. ¶ 12. He then alleges that various judges of the District Court and Seventh Circuit have "harassed the Plaintiff and his three minor children and retaliated against the Plaintiff and his three minor children . . . ." *Id*. ¶ 13. Plaintiff then attacks various decisions of the District and Circuit Courts. *See id*. ¶¶13(1)-(15).

Plaintiff sues here seeking compensation for the taking of his property—*i.e.*, the lawsuits that the District Court dismissed and the Circuit affirmed.

## II.     Standard of Review

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S. C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). And it is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted). Complaints filed by pro se plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (citation omitted). However, "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## III.     This Court Lacks Subject Matter Jurisdiction

The Seventh Circuit described the Plaintiff as a "frequent litigator of meritless cases." ECF No. 8 at 4 (quoting *In re Mohammed*, 834 F. App'x 240, 240 (7th Cir. 2021)). This case is

no exception. Under clear and unequivocal statutes and precedent of the Federal Circuit, this Court lacks jurisdiction to hear Plaintiff's claims.

Plaintiff's claims are direct challenges to multiple decisions of the Northern District of Illinois, its Executive Committee, and the Seventh Circuit that are clearly outside of this Court's jurisdiction. Under binding Federal Circuit precedent, "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017) (citation omitted). Similarly, the Court lacks jurisdiction to hear cases that "would have to determine whether appellants suffered a categorical taking of their property at the hands of the . . . courts." *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1343 (Fed. Cir. 2011) (citation omitted). This is precisely what Plaintiff asks this Court to do. His entire Complaint is nothing more than a screed against the judges that have dismissed his cases and imposed sanctions on him.

While the record is clear that Plaintiff has lost many cases and been sanctioned by the District and Circuit Courts, Plaintiff responds to the Motion to Dismiss by asserting that:

> Defendant refers to Plaintiff's property as 'lost lawsuits' whereas
> Plaintiff pled in his complaint that his lawsuits were 'illegally
> seized' by the Executive Committee of the United States [District]
> Court for the Northern District of Illinois . . . and federal judges in
> question . . . .

ECF No. 9 at 1. It is hard to imagine a more direct challenge to the decisions of other courts than to allege that those courts "illegally seized" lawsuits before them.

But Plaintiff argues that his cases were not actually before the Northern District or Seventh Circuit. According to Plaintiff, every judge that ever ruled against him was "disqualified from hearing any matter concerning [him] due to their prejudice towards the Plaintiff and their actions as described in the complaint." *Id*. And because Plaintiff asserts that all the judges were purportedly disqualified, "they entered orders against the Plaintiff as private persons and hence the Executive Committee and federal judges in question were not presiding over courts, but they were simply presiding over so-called courts set up in their garages in their homes." *Id*. In sum, Plaintiff spends the first two pages alleging that neither the Northern District of Illinois nor the Seventh Circuit had jurisdiction over the cases they adjudicated against him, because the "orders of the Executive Committee and federal judges in question, are void ab initio." *Id*. at 2 (emphasis omitted); *see also id*. at 2-3 (arguing that all orders are void ab initio because the judges were all "judicial trespassers of the law"). He also accuses the judges of violating their oaths of office and committing treason by "illegally seizing" his property. *Id*. at 3-5. Again, it is impossible to understand Plaintiff's action as anything more than an improper attempt to have this Court review the decisions of other courts, which this Court unquestionably lacks the authority to do.

Plaintiff seeks to avoid the clear pronouncements of the Federal Circuit by claiming that he is not asking this Court to "vacate any order entered by" any other court, so *Petro-Hunt* does not apply. *Id*. at 4. Not so. To decide Plaintiff's case, this Court would necessarily need to address whether district and circuit judges should have been disqualified (the challenged cases

show they were not). And this Court would have to review whether sanctions orders of the Northern District and Circuit Courts are meritorious. It would be impossible to find for the Plaintiff, for example, without holding that Judge Feinerman's dismissal of *Mohammed v. Anderson*, Case No. 18-C-8393, 2019 WL 3943669 (N.D. Ill. Aug. 21, 2019), was somehow incorrect or unlawful. This Court lacks jurisdiction to do so. To the extent that Plaintiff was dissatisfied with Judge Feinerman's decision, his remedy was to appeal, not sue in this Court. Of course, Plaintiff did appeal, and the Seventh Circuit affirmed Judge Feinerman's decision. *Mohammed v. Anderson*, 833 F. App'x 651 (7th Cir. 2020). And if Plaintiff was unhappy with the Seventh Circuit's decision, he could seek relief in the Supreme Court, but this Court lacks the jurisdiction to find a circuit court's decision unlawful or that it took Plaintiff's property. And Plaintiff did seek relief from the United States Supreme Court, which denied his petition for certiorari. *Mohammed v. Anderson*, 141 S. Ct. 1242 (2021). As is clear by now, this Court may not review the Supreme Court's denial either. The same is true of the other cases Plaintiff contends were taken from him. This Court lacks the jurisdiction to review any of the decisions that Plaintiff complains of.

While perhaps clear at this point, Plaintiff's argument that *Innovair* does not apply because the orders he complains of were not orders of the court or judges, "but they were private persons when they entered orders against the Plaintiff through so-called courts set up in their garages in their homes" is frivolous. ECF No. 9 at 4. The orders he complains of are entered on the dockets of courts and clearly entered by judges of those courts. By claiming that they are not, Plaintiff is necessarily calling on this Court to set aside the orders of another court, which it cannot do.

Finally, to the extent that Plaintiff alleges that various judges "harassed" him or "retaliated" against him, this Court lacks jurisdiction over these tort claims. Under 28 U.S.C. § 1491(a)(1), this Court's jurisdiction is limited to cases "not sounding in tort." Any such claims are clearly outside this Court's jurisdiction.

## IV. Motion for Leave to File a Sur-Reply

Following the completion of briefing on the Government's Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Sur-Reply and his proposed sur-reply. ECF No. 12. "[S]ur-replies are generally disfavored" because they often serve as nothing more than "an effort to get the last word." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (citations omitted). Therefore, a sur-reply may only respond to "new" arguments raised for the first time in a reply; they are not proper to respond to arguments that reply to allegations in a response or elaborate on arguments raised in the opening motion. *Id*. (citations omitted).

Here, Plaintiff does not identify or respond to any new arguments. Rather, much of his proposed sur-reply addresses things from his Response that he argues the Government did not respond to. For example, Plaintiff argues that "Defendant United States (hereinafter Defendant) has not responded to the Plaintiff's allegations regarding Defendant's extortion of $910.00 as described in paragraph 29 of the complaint and hence the allegations in paragraph 29 of the complaint shall be deemed to be true." ECF No. 12-1 at 1; *see also id*. ("Further, Defendant has not responded to Plaintiff's allegations in paragraph 30 . . . "); ("Further, Defendant has not responded to Plaintiff's allegations in paragraph 31 . . .").

The next few paragraphs of Plaintiff's proposed sur-reply simply restate the arguments that he made in his Response. *See id.* (paragraphs numbered 4-6 referring to arguments made in the Response). The remainder of the proposed sur-reply simply reasserts the arguments that Plaintiff made in his Response. But nothing in Plaintiff's proposed sur-reply addresses arguments raised for the first time in the Government's Reply. Therefore, Plaintiff's Motion for Leave to File a Sur-Reply is denied.

## V.      Conclusion

For the reasons stated above, the Court GRANTS the Government's Motion to Dismiss, ECF No. 8, DENIES the Plaintiff's Motion for Leave to File a Sur-Reply, ECF No. 12, and GRANTS the Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 2. The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.


                                                    s/ Edward H. Meyers
                                                    Edward H. Meyers
                                                    Judge